## PROVIDENCE COUNTY.

GEORGE E. WEBSTER *et al.,* Executors, *vs.* JOHN L. WIGGIN *et als.*

The decision heretofore rendered in this case, Index QQ. p. 69, affirmed.

This case was before the court on a former occasion and is reported in Index QQ. p 69.

*May* 8, 1896. DOUGLAS, J. Upon motion to enter a decree in accordance with the opinion of the court announced April 20, 1895, the counsel for the heirs at law have filed a brief arguing that the legacies payable by the terms of the will out of the income and book accounts and other credits are void, and that the residuary gift is therefore void also.

We have already said that so far as the pecuniary legacies are postponed to the contingency of the estate earning the amount of the first one they are contrary to law, as the estate may not acquire sufficient income to pay the first legacy within the time limited by the rule against perpetuities; but while the testator may have preferred to have them so paid, he has not so limited their payment. They may be paid out of the book accounts and credits as well. No rule of law stands in the way of such a provision. Of course if an estate is insolvent all legacies fail; or if the fund charged is insufficient, some or all of them must abate; and it is urged that the word "credits," as used here, should be restricted to such as are the proper subjects of book account. We do not think the testator attached so restricted a meaning to the word. He says book accounts and *other* credits by which we understand him to signify, if not all items on the

credit side of the executor's account with the estate, at least all sums of money due the estate by promissory notes or bonds as well as the charges on his account books. These together are more than sufficient to pay the pecuniary legacies.

So long as the estate is solvent it is immaterial to the creditors out of what fund they are paid, and it is competent for a testator to charge a certain portion of his estate with legacies provided he leaves sufficient beside to pay his debts.

The second branch of the brief is an attempt to reargue the case, and is irregular at this time.

We have already very carefully considered the points presented, and see no reason to change our judgment upon them.

*Cyrus M. Van Slyck*, for complainants.

*Edward C. Dubois*, Attorney General, for the State of Rhode Island.

*Joseph C. Ely, Ezra K. Parker, James B. Richardson & Herbert Almy*, for other and different respondents.

